Good morning. May it please the Court, I'm Scott Davis, Deputy Attorney General for the State of Nevada, representing Michael Ferriolo, the appellant in this matter, and the defendant in the lawsuit below. And with the Court's permission, I'd like to reserve two minutes of time for rebuttal. You may do so, but just watch the clock, Counselor. Thank you. Under the second prong of a Qualified Immunity Analysis, Investigator Ferriolo is immune from suit so long as his actions did not violate clearly established law. This case is particularly appropriate to be resolved as a question of law under the second prong of that analysis, because regardless of the outcome under the first prong of the Qualified Immunity Test, it is plain from precedent that in these circumstances, probable cause to arrest Mr. Downs based upon his actions of resisting would not be. What was the crime that he's alleged to have committed here? I have trouble with the probable cause argument. Okay. As far as the crime that was committed, Mr. Downs was not actually cited as a result of this arrest. He was not charged criminally as a result of this arrest. He was detained for approximately 12 years. No, that goes to after the fact. I'm talking about before the arrest. What was the probable cause? What crime was he probably guilty of? We've identified two potential bases to support it, to give probable cause to arrest. The one that we've focused on in this appeal is the crime of resisting. It's a... Counsel, that seems like a post hoc rationalization. If someone is wrongly arrested and then resists, it doesn't kind of go backwards. But my question to you is, earlier in time, before the arrest, when Downs refused to get down from the security podium when he was ordered to do so, is that a crime under Nevada law? Is that a misdemeanor? I'm merely refusing to come down from the security podium. Is that what you're asking? Right. And looking specifically at section 199.280, which is, I guess, I'm not sure that's the right one. That is the correct citation. But anyway, is that potentially or probably a misdemeanor of some sort? I'm merely refusing to come down when being instructed to do so, potentially. But even beyond that, there were additional actions that took place before any seizure had taken place under the Fourth Amendment that could give rise to probable cause. What else happened before the attempt or the grabbing of his arm to arrest him? As Investigator Ferriamo was coming behind the security podium, at that point, Mr. Downs had not yet been seized. He had not been arrested. And, in fact, the fact that he had not come down when instructed shows there had not been an arrest because Mr. Downs had not submitted to Investigator Ferriamo a show of authority. The other requirement for there to be an arrest is actual physical touching by the officer. At the point that Investigator Ferriamo was coming behind the podium, he had not yet touched Downs. There could not have been an arrest at that point. But he was approaching Downs for the purpose of making an arrest, was he not? He was, yes. So I go back to my original question. What is it prior to the touching or the contact that established probable cause to arrest, the fact that he didn't make a phone call for the third or fourth time or what? The offense that was invoked by Investigator Ferriamo was probable cause to initially approach Mr. Downs was delaying the investigation into the underlying larceny matter. How could he delay the investigation if he had nothing to do with it? He's a desk officer, and the allegation is that he didn't call an absent person often enough? That would be futile, wouldn't it? I believe that's Mr. Downs' allegation of what happened. And I'm not sure that issue is actually before the Court because we've argued that there were additional circumstances beyond just refusing to make a phone call. Well, and I think that's what we're all trying to pin down as to what your theory is, given the facts of this case. So the officer goes there to investigate. The person he wanted to speak to wasn't there. Mr. Downs wasn't completely cooperative or not at least not to the extent that the officer wanted. And so he says, well, get down from there. Are you conceding today that that wouldn't be enough to establish probable cause under the Nevada statute for delaying or resisting or impeding in the investigation, or is your theory that that in and of itself established some type of probable cause for him to then go behind the area to attempt to arrest him? No, I'm not conceding that that would be the probable cause would be absent in that scenario. There is a dispute of fact between the parties on that issue as far as what exactly occurred and whether or not Mr. Downs' actions crossed the line that would constitute delaying the investigation. That's where the district court found genuine issues of material fact and denied summary judgment. And we're here on a pretrial motion for appeal. And so under the ---- So you're saying because the facts are disputed as to what was said, then that might or might not have been enough for probable cause for the arrest of impeding the officer. Based on the issue of delaying. But a probable cause analysis under the Fourth Amendment asks whether there was probable cause to arrest for any offense, not necessarily the offense that's invoked by the district court. And because of the video that was in evidence before the district court, that indicates that Mr. Downs was in fact resisting. It's not a dispute of fact. Well, I guess what I'm trying to understand is factually what are you relying on to establish the probable cause for purposes of qualified immunity, which really don't rely on disputed issues of fact. So I'm trying to take you sequentially through the events as they unfold to ascertain what your theory is as to when probable cause was triggered. So disobeying the officer's order to come down, you're saying because that's disputed, it's not enough. It may or may not be enough. That actually was not disputed. It's admitted fact number 10, that he was instructed to come down and he refused to comply. That's an admitted fact. So is that enough? What we are relying on, to get to your question, is the evidence that was actually admitted before the district court, the video of the incident. The video of the incident was authenticated. It was before the district court. And it depicts all of the physical interactions. All right. So that's moving later on in the sequence of events. Yes. It's the actual attempt to seize Mr. Downs and his resisting of that attempt. And because Mr. Downs had not effectively been seized under the Fourth Amendment, a seizure had not taken place because you have to have either submission to the officer's show of authority, which you don't have in this case, or you have to have physical touching, which you don't have. Well, maybe we should go back to Judge Graber's point about the admitted fact number 10. That may be your strongest argument, that that was the basis for the arrest. That could be a basis for the arrest. But you're not arguing that. I'm arguing that that, plus additional facts. Well, counsel, is Nevada law such that a misdemeanor such as 199.280 permits an arrest? Is that permissible under Nevada law? Yes. It is a criminal offense, and therefore it is an arrestable offense. Absolutely. Counsel, you're down to two minutes. You may continue or reserve. Just really quickly, if you reviewed a video, and you can pinpoint the precise instant in the video where this occurs. Mr. Downs has not yet been touched. This is 12-23-00-01 on the video time stamp. He has not yet been touched. He moves his arm across his body away from Investigator Ferraiolo. That, plus refusing to come down, had not been clearly established that a reasonable officer in that scenario would know the probable cause would be absent. If there are no more questions, I'd like to reserve what time I have left. Very well. You may do so. Good morning. I'm Peter Goldstein. I represent Mr. Downs, the appellee. I believe that the Court has asked appropriate questions. What was the predicate act? What was the initial act that would give rise to probable cause? And as we can see, counsel for Mr. Ferraiolo could not answer that question. Well, I'm going to ask you the same question I asked him. It's an undisputed fact, number 10, is that Mr. Downs was instructed to come down from the security podium. He refused to comply and told him, no, I'm not going to do it. It's private property. Is that a, at least arguably, a misdemeanor under Nevada law? He had no authority to instruct Mr. Downs to come down from the podium. Mr. Downs was not committing a crime, was not in the process of preparation for a crime. I mean, there was nothing that Mr. Downs did. Why does that matter? Well, maybe I'm, you have to have some basis to order somebody to do something. Not coming down off the podium. He's got a job to do. He's required to be at that podium. That's his station. The only way that he can leave that station is if he contacts a supervisor and gets permission. But he's got an assignment, and his assignment is to be at that podium. Well, does that trump a demand by a police officer? Let's say there's, you know, a murder being committed, and he says, come down here and help me. I mean, he's, I can't imagine a specific situation, but it's clear that he was ordered to come down and didn't do it. And I'm trying to figure out if that is, at least arguably, it doesn't have to turn out to be, in fact, a misdemeanor. But is it arguable that the officer thought that he had the authority to tell him, come down here and I want to talk to you right now about my investigation? Well, I don't know how he could think that, because he was right there face to face with him just within inches, talking to him just as well as he could if Mr. Downs came down off the podium. I mean, there was nothing that would help accomplish any task Mr. Ferriolo had to accomplish by having Mr. Downs come down. I mean, he was right there. He had a telephone at his disposal. He called dispatch, told Officer Ferriolo that Mrs. Gans was at lunch. I mean, what would be the reason that Mr. Ferriolo would have the right to order him to come down? How would that even help this investigation? It doesn't seem to me that it would help at all. He's got his tools right there in front of him at his podium. If he comes down, he's not in a position to help Officer Ferriolo. So I don't see how not coming down off the podium. Well, it's undisputed that he disobeyed the order to come down. It's also undisputed that he physically resisted the officer's attempt to arrest him. Under Nevada law, is there any authority that you're relying on for the proposition that if the officer acted in excess of his duty because there really was insufficient probable cause for the arrest that the person has a right to resist? Who makes that determination under Nevada law? The arrestee? Well, we're getting into the second portion of the sequence of events. The initial resistance, as I explained in my brief. I don't believe that you can establish probable cause by retroactively going back and trying to say that this subsequent act constitutes probable cause. Mr. Downs' resistance, I don't believe, first of all, was very temporary. It was 60 seconds. And he passively resisted. He stiffened. Because at first he was stunned and bewildered that anybody would even attempt to arrest him for what he did. So I don't believe there was any bad faith or malice or active resistance on the part of Mr. Downs for simply stiffening his arm. But we saw in the tape that Officer Ferriola began jabbing and poking and attempting to inflict pain on Mr. Downs. Mr. Downs never did anything to Mr. Ferriola. He was simply stiffening up because he was sort of in a state of disbelief. And I don't believe that what he did was resistance. Now, ultimately, he did comply after a few seconds. Also, maybe he did not. But it doesn't have to, in fact, be. The officer only has to reasonably or arguably have that as a perception. In other words, we don't make a complete 100 percent determination on resisting arrest. We have to look at it as whether it's arguably appropriate in the mind of the officer at the time, not with hindsight. And so I still don't know if I have understood an answer to Judge Winn's question, which is, under Nevada law, if an officer seeks to make an arrest that turns out to be unsupported by probable cause, does the person arrested have the right to resist physically or not? And if the answer is not, then why isn't resisting arrest a sufficient ground here for qualified immunity? Well, under State v. Lisenbee v. State and Batson case, you have a right to resist an illegal arrest under that authority. For Batson v. State, the Nevada Supreme Court said that you can if it's unlawful  or excessive. Right. So your theory is that the tape shows excessive force being applied, and that's why he's entitled to resist? Again, I believe this resistance was very minimal. But an officer Ferriello admitted that he did not say, you are under arrest. He admitted that in an answer to an interrogatory, which is contained in the brief. So he did not tell Mr. Downs, you are under arrest, I'm arresting you. He simply came up behind the podium and began jabbing and manhandling Mr. Downs. Mr. Downs' resistance was extremely minimal. He simply stiffened up. But I think it's also important to note that in Mr. Ferriello, Officer Ferriello's statement and report, he said that Downs lunged at him. And we can see in the tape that never happened. So in the same way that there is no predicate crime, there's no probable cause for the initial arrest, what happened with the resistance does not negate the fact that Officer Ferriello lacked probable cause to initiate an arrest to begin with, because Officer Downs did not continue to call dispatch again. I mean, it's sort of, we talk about the qualified immunity, and it's a very fact-specific analysis, as Bruce Overby Hagen discusses. I mean, you can't just talk about it in a vacuum. But in this particular case, we have a lot of facts that I think are important. And they're disputed issues of fact that must be viewed in the light most favorable to the appellee. Therefore, I don't believe that they've met their burden. They can't even articulate the crime that Mr. Downs supposedly committed. They say delay. But he did not delay the investigation. It was not, and it's also important to note that this was not an exigent circumstance. This was a lost luggage investigation from a month or three or four weeks before. He decided to come on, when he decided to come, Officer Ferriello. So, and then he says that there's a possibility that the tape could be destroyed. That doesn't seem to me to be, that was sort of his basis for exigent circumstances. He came up with this answer in a deposition that he thought that possibly the tape could be destroyed if he didn't get viewing within 45 minutes. I think that shows bad faith. That bad faith negates his basis to arrest under Davis v. City of Las Vegas. So there is no right to arrest under the Nevada statute. I think the question really is whether it's at least reasonably arguable that he thought that there was resisting arrest to justify the arrest. And it seems that under Nevada supreme court authority, you'd have to show both that the arrest was unlawful and that the officer was acting excessively. Otherwise, I would think it's at least reasonably arguable to, that a reasonable officer would believe that there, or could believe that there was probable cause for the arrest. You're talking about the resistance. Resisting, disobeying the order to come down. So your argument is that's not even arguable. I don't see how any reasonable officer could think that after what transpired between the two of them, that he had a right to arrest Mr. Downs for not continuing to call again and find out more information about this unavailable security officer. I mean, I cannot fathom how any trained police officer who's even watched a television show, much less trained, post-trained, post-certified, could believe that he had a right to arrest somebody because they're not a trained monkey. They don't continue to call over and over again. I just, it's just, I cannot believe. I think the contours of that right are sufficiently clear that any reasonable police officer in Mr. Ferriello's position would know that he had no right to begin the process of arresting Mr. Downs. So Mr. Downs did not delay the investigation by telling him that he had to wait. He did not resist the investigation. He did not obstruct the investigation. He simply said, the person you're seeking is not there. And Officer Ferriello knew he could have obtained the tape from any other security officer. So I don't believe that this resistance, you call it resistance, you're talking about the delaying of the investigation, correct? Not the physical act of resistance. Well, the conduct that occurred on the tape. Yeah. Well, the tape shows the resistance. We can't hear that part of the tape, though, that audio portion of the tape. Thank you, counsel. Your time has expired. Okay. Thank you. Thank you. Mr. Davis, you have some reserve time. Thank you. The issue of Mr. Downs' resistance is not retroactive to any arrest. Mr. Downs began resisting before any arrest had taken place. Such as? Tell us how that happened. Before he had been arrested. He had not been physically touched and he had not submitted to officers. Okay. But start from the beginning. Ferriello comes up to the booth. Yes. And asks for the phone calls to be made and so forth. Then what? Where's the resistance after that? Ultimately, Investigator Ferriello instructed Downs to come down from the podium. Investigator Downs refused. Investigator Ferriello then moved behind the podium, reached out towards Mr. Downs. Okay. What's the basis for Mr. Ferriello's authority to order Downs to come down from the podium? What's the basis for that? At that point, he was instructing him to come down to be arrested for delaying the investigation. So you're relying on the refusal to make the second phone call or third phone call? Absolutely not. When it comes to resisting, before Downs had been arrested, he was moving his arm away, batting away at Investigator Ferriello's arms. This was before he was arrested under the standards for arrest under California v. Hodari D. No physical touching. I'm still at the stage where Ferriello is in front of the booth. And Downs has already made a phone call. Yes. He declines to make the second or third, whatever that was. And then that's the basis for your claim of resistance? No. That issue is entirely separate. And that's where the Seventh Circuit's decision of course. Okay. But I'm having trouble. Where is the point of resistance that you are relying upon? I'm not talking about the little scuffle on the top where he comes around. We're still where he's still in front. Well, the scuffle behind the podium when he begins moving his arm out of the way, that is the basis for the issue of resisting. It is based upon the physical resistance. Ultimately, what case is it that establishes the constitutional issues in this case beyond debate? There is none. There is precedent that at least suggests that Investigator Ferriello's actions were reasonable. The law did not clearly establish beyond debate that these actions would be unlawful and Investigator Ferriello is entitled to be used. All right. Thank you very much, counsel. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Nguyen